UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JERRY L. KIRKPATRICK, | ) |
| *Petitioner*, | ) Case No. 3:20-CV-21 |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Debra C. Poplin |
| DARREN SETTLES, | ) |
| *Respondent*.[1] | ) |

## MEMORANDUM OPINION

Jerry L. Kirkpatrick ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the calculation of his pretrial jail credits [Doc. 5]. The petition is before the Court for screening. *See* 28 U.S.C. § 2243 (requiring court to award writ or issue order directing response "unless it appears from the application that the applicant or person detained is not entitled thereto"). For the reasons set forth below, the Court finds that the petition should be dismissed without prejudice.

## I.  ALLEGATIONS OF THE PETITION

Petitioner was arrested in Knox County, Tennessee, on January 30, 2009, and charged with three crimes occurring in Grainger County, Tennessee [Doc. 2 p. 5]. The following day, an officer with the Knox County Sheriff's Office filed a warrant against Petitioner in Knox County

---

[1] Although Petitioner has listed various individuals and government entities as Respondents in this action, the Court notes that Petitioner is currently confined under a state-court judgment at the Bledsoe County Correctional Complex, where Darren Settles is Acting Warden. Accordingly, the Clerk is **DIRECTED** to substitute Darren Settles as the proper respondent in this case. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

in Case No. 95499 and placed a hold on Petitioner [*Id*.]. Petitioner was subsequently indicted on the three Grainger County counts in Case No. 4748, and a trial date of October 25, 2010, was ultimately set for those charges [*Id*. at 6]. On the trial date, the Grainger County criminal charges were dismissed [*Id*.]. The following day, October 26, 2010, Petitioner was taken into the custody of the Knox County Sheriff to await trial for charges in Knox County Case No. 95499 [*Id*.]. Knox County housed Petitioner at the Roger D. Wilson Detention Facility [*Id*.].

On May 9, 2011, Petitioner went to trial on his Knox County charges, and he was convicted based primarily on law enforcement testimony about events that occurred in Grainger County [*Id*.]. Petitioner was convicted in Knox County in two separate cases: Case No. 95499 and Case No. 97434 [*Id*. at 7]. Petitioner received two seven-year sentences in Case No. 95499, to be served concurrently, and one seven-year sentence in Case No. 97434, to be served consecutively [*Id*.]. Petitioner was given pretrial credit for the 196 days he was housed at the Roger D. Wilson Correctional Facility prior to his Knox County trial [Doc. 5 p. 25, 33].

Petitioner asserts, however, that he has been wrongfully denied 634 days of day-for-day credit for the time he was incarcerated in Grainger County on a hold for Knox County — January 30, 2009, through October 26, 2010 [*Id*. at 7, 16]. He claims that if those credits were applied to Knox County Case No. 97434, he would be entitled to an immediate release [*Id*. at 9]. He asks the Court to order his release or award him monetary damages from each governmental entity and county official responsible for his continued detention [*Id*.].

## II. DISCUSSION

This Court may issue the writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Section 2241 applies to a prisoner under the judgment of a state court where the prisoner raises "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence

2

itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Inasmuch as Petitioner does not claim to challenge the validity of his sentences, the Court determines that § 2241 applies to Petitioner's claims.

As a preliminary matter, the Court finds that Petitioner has failed to exhaust his state-court remedies prior to filing the instant action. Exhaustion of state remedies is not a statutory requirement under § 2241, but it is nonetheless required. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) ("[Petitioner] argues that his challenge is rather to the execution of his sentence, a challenge properly brought under 28 U.S.C. § 2241. We decline to decide this question because under either of these sections [he] is required first to exhaust his state court remedies."); *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (affirming dismissal of § 2241 petition for "failure to exhaust state court remedies").

In Tennessee, trial courts are responsible for ensuring prisoners are afforded their statutory right to pretrial jail credits. *See Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); Tenn. Code Ann. § 40-23-101(c). However, to challenge an award of pretrial jail credit, a prisoner must file in the trial court a motion to correct clerical error under Tennessee Rule of Criminal Procedure 36 and, if unsuccessful, appeal that denial to the Tennessee Court of Criminal Appeals. *See Rayner v. Lee*, No. 3:18-CV-01103, 2020 WL 58610, at *5 (M.D. Tenn. Jan. 6, 2020) (citing *Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019)). It appears that Petitioner has pursued neither of these avenues in state court, and, therefore, his claim remains unexhausted.

Additionally, the Court finds that that the information provided by Petitioner concerning his Grainger and Knox County charges, albeit limited, suggest that he is not entitled to additional pretrial credit. Pretrial credits are governed by Tenn. Code Ann. § 40-23-101(c). Under this law, "[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out

3

of' the offense for which the sentence which the credit is claimed that such allowance [of pretrial credit] becomes a matter of right." *Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). Therefore, the statue "does not contemplate a defendant receiving pretrial jail credit for unrelated incarceration." *Martinez v. Easterling*, No. 3:10-00677, 2013 WL 4048502, at *12 (M.D. Tenn. Aug. 9, 2013) (citing cases). Here, Petitioner complains of not getting credit in his Knox County case for the time he spent detained in Grainger County. However, Petitioner admits that he was incarcerated and facing charges in Grainger County from January 30, 2009, until October 25, 2010 [Doc. 5 p. 7, 16]. Accordingly, he is not entitled to pretrial credit for his future Knox County convictions based on that separate incarceration.

Finally, the Court determines that Petitioner is otherwise not entitled to monetary compensation in this cause. To recover damages for the alleged miscalculation of his pretrial sentence credits, a Petitioner "must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying ... sentence." *Muhammed v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Petitioner has not sought and obtained a favorable termination to his sentence, and therefore, his claim for monetary damages is barred.

### III.   CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of

4

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

**IV. CONCLUSION**

For the reasons set forth above, the instant petition for a writ of habeas corpus will be **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability from this decision will be **DENIED**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**